[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REOPEN JUDGMENT
The plaintiff has moved to reopen the judgment rendered by this court in July of 1988, a judgment which has been affirmed on appeal. The motion alleges fraudulent misrepresentation and nondisclosure.
The motion to reopen is based on the ground that the defendant failed to disclose a significant asset held and/or exchanged for like value and that she had misrepresented a $28,000.00 liability to her father and a $216,667.00 liability to her mother and father, and, further, that she had failed to list the sum of $30,000.00 received from the City Investment Company some time between May of 1986 and April 30, 1987, which plaintiff states was compensation to officers.
It has been held that fraud consists of:
 1. A false representation made as a statement of fact.
 2. The party making it knew it to be untrue and it was untrue.
 3. The representation was made to induce action by the other party.
 4. The other party did so act to his detriment.
Miller v. Appleby, 183 Conn. 51, 54-55 (1981).
However, even if the above definition is established, a judgment will not be set aside unless the following conditions are also met.
 1. There must have been no latches or unreasonable delay by the injured party after the fraud was discovered.
 2. There must have been diligence in trying to discover and expose the fraud.
 3. There must be clear proof off the perjury or fraud.
 4. There must be substantial likelihood that the result of the new trial will be different. CT Page 728
See Jackson v. Jackson. 2 Conn. App. 179 at 189 (1984), cert. denied 194 Conn. 805 (1984).
As far as the total allegations of the plaintiff's motion are concerned, the documents presented established the following:
1. That there was a liability of $28,000.00 listed in the plaintiff's affidavits beginning in 1986 or 1985. To date, the only indication that that liability has been forgiven is the failure of the Executor of defendant's father's estate to list it as an asset.
2. The alleged nondisclosure of the shares of stock on City Investment Company is based on the fact that there was no disclosure of those stock certificates in the defendant's affidavits. However, there was evidence that she owned the stock to which she testified in the January and April, 1988 hearings which the plaintiff introduced as evidence of her ownership of the stock. At the time, her testimony was not that she did not own it, but that she not sure of the amount of the number of shares and that, actually, it was her father's company and he did what he did, to quote her.
The third ground is the receipt of $30,000.00 some time between May of 1986 and April 30, 1987, by way of compensation from City Investment. Again, the plaintiff had apparently provided information with respect to the City Investment stock in her 1986 income tax return which was an exhibit in the original case, and that return showed that she had received dividends in the amount of $2,300.00 from City Investment Corporation. She also said that she had received the 30,000, but she did not know what it was for. She just knew that her father gave her a check for that amount.
While that may seem incredible under ordinary circumstances, it is not incredible too this court which heard the defendant's testimony and reached the conclusion that all of her financial operations were guided either by her father or her husband, and in the absence of her husband, completely by her father. When her father died, she was left too her own devices which did not appear to have been equal to the task at hand. However, the court cannot find that she deliberately omitted either the information with respect to City Investment from her affidavit since she had placed it on her income tax return which was an exhibit in the case or that she deliberately omitted the $30,000.00 as compensation since she was not clear as to why she received it. Given her father's generosity to her in the past, it's equally reasonable that she assumed it was a gift. CT Page 729
Furthermore, the plaintiff had full knowledge of the existence of the shares of stock in City Investment when it saw the 1986 tax return and when it inquired with respect to those shares in both January and April of 1988. He, however, made no move to find out anything further about those shares, or about anything else with respect to City Investment.
As far as the loans are concerned from the father and the father and mother to the defendant, actually it was to the defendant and the plaintiff in the Beacon Falls Property and then to the defendant along with her two sisters on the real estate agency. The court always assumed that given the relationship between the parties, the defendant might never have to pay those obligations. For example, the evidence disclosed that a $50,000.00 loan to the defendant on the parties' house was forgiven by the defendant's mother.
Moreover, while the court found that the defendant had a legitimate claim on the plaintiff's pension which amounted to over $300,000.00, since she had refused to make that claim, the court did not order any part of it to be paid to her.
Taking all of these facts into consideration and after having read all of the exhibits presented by the plaintiff and having not considered the affidavit filed by the defendant, since the obligation is on the plaintiff to provide the evidence, the court finds that there was no clear evidence of fraud to justify reopening the case to provide for further discovery. Moreover, none of the claimed misrepresentations or failures to disclose would have changed the court's decision.
Applying the law as set forth above to the facts just reviewed, the court finds that the plaintiff has failed to sustain his burden of proof. Consequently, the motion to reopen is denied.
MARGARET C. DRISCOLL STATE TRIAL REFEREE